UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:05CV-91-R

TERESA ALCORN                                                                                          PLAINTIFF

v.

RICHARD NESBITT                                                                                     DEFENDANT

OPINION AND ORDER

The parties in this case have reached a settlement. The pending Motion for Preliminary Injunction (Dkt. # 2) and Motion to Dismiss (Dkt. # 5) are now moot. The only issue that remains is Ms. Alcorn's request for attorney's fees. The parties agreed that this issue should be decided by the court.

This court finds that Ms. Alcorn prevailed on her § 1983 procedural due process claim and she is entitled to reasonable attorney's fees. 42 U.S.C. § 1988(b). Under 34 C.F.R. § 395.7(b) and 782 Ky. Admin. Regs. 1:010(3)(d), she was entitled to a full evidentiary hearing before her Randolph-Sheppard blind vendor license was terminated. *Wyer v. Commonwealth*, 475 A.2d 936, 939 (Pa. Commw. Ct. 1984). *Franklin*, 59 F.R. 37974-01 (1994) (In a case against the Kentucky Department for the Blind, the arbitration panel stated "a vendor's employment will remain protected until a full hearing on charges is held."); *Bedard*, 48 F.R. 20117-01 (1983). Post-termination hearings are inadequate to remedy this procedural defect because termination of her license without a full evidentiary hearing was foreseeable, and these statutes were designed to protect her against such action. *See Zinermon v. Burch*, 494 U.S. 113, 136-38 (1990).

Nothing in this order should be construed as an opinion on whether Mr. Nesbitt has sufficient grounds to terminate Ms. Alcorn. Even though this issue was not before the court, it will be addressed in her pre-termination full evidentiary hearing and will then be subject to exhaustion of

her administrative appeals. In contrast, the § 1983 procedural due process claim here is not subject to administrative exhaustion because it was brought under 42 U.S.C. § 1983 and it does not review the reasons for termination. *Bowers v. City of Flint*, 325 F.3d 758, 762 (6th Cir. 2003).

Mr. Murrell stated his fee was $1,500 to pursue the § 1983 action. The court finds this fee to be reasonable.

**IT IS ORDERED:**

1. Plaintiff shall recover $1,500 as reasonable attorney's fees from Defendant.

2. The matter is otherwise dismissed. This is a final and appealable order.

cc: Counsel